UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAYDAR T. AL KHAFAJI,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>DANIEL PARAMO, Warden,<br><br>　　　　　　　　Respondent. | Civil No.　　12cv2850-WQH (PCL)<br><br>**REPORT AND RECOMMENDATION RE: PETITION FOR WRIT OF HABEAS CORPUS** |

**I.　　INTRODUCTION**

　　A jury convicted Petitioner Haydar Al Khafaji of kidnapping for rape, assault with intent to commit rape, and robbery in San Diego Superior Court case number SCD 224380. The trial court sentenced Al Khafaji to an indeterminate life term with the possibility of parole, plus a consecutive three-year determinate term in state prison. (Lodgment 7, at 1.) The court of appeal affirmed his conviction. (Lodgment 7, at 9.) He filed a petition for review in the California Supreme Court which was denied on August 24, 2011, raising the same two issues he raised on direct appeal. (Lodgments 8, 9.) On October 9, 2012, Al Khafaji filed a petition for writ of habeas corpus in the California Supreme Court, raising a third issue, and that petition was denied on January 3, 2012. (Lodgment 10, 11.) In this petition for writ of habeas corpus, Al Khafaji makes the following three claims that were exhausted in state court:

1) His right to due process under the Fourteenth Amendment was violated because there was insufficient evidence to support his conviction for kidnaping for rape;

2) The trial court erred by failing to instruct the jury on the lesser included offense of simple kidnaping; and

3) Trial counsel was ineffective during the sentencing hearing.

(Doc. 1.)

Respondent filed an answer to the petition, arguing for its denial. (Doc. 10.) Petitioner filed a traverse. (Doc. 19.) For the reasons set forth below, the Court recommends that his petition be DENIED.

## II. FACTUAL BACKGROUND

This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); see also Sumner v. Mata, 449 U.S. 539, 550 (1981) (holding in part: findings of historical fact, including inferences properly drawn from these facts, are entitled to statutory presumption of correctness). The following facts are taken verbatim from the California Court of Appeal's opinion:

> On a Sunday afternoon, Paula was leaving work at a hospital where she was a doctor. As she walked through the parking lot to her car, holding her cell phone in one hand and her car keys in the other, Al Khafaji ran up to her and grabbed the keys from her hand. Al Khafaji told Paula to give him her phone or he would kill her, and she did so.
>
> Paula was scared and offered Al Khafaji money, credit cards, her purse, her car and to take him to an ATM to retrieve cash. Al Khafaji said, "I don't want your fucking money[.] I want sex." He grabbed Paula's arm and told her to come with him as he dragged her toward a gazebo next to the parking lot. He said, "Not here[.] We're going to go somewhere else."
>
> Pulling her arm, Al Khafaji led Paula behind buildings and through an alleyway, stopping briefly in a grassy courtyard area. He said, "No, not here," and pulled her toward an area with garbage dumpsters. When Paula asked where they were going, Al Khafaji told her to shut up or he would kill her. Al Khafaji forced Paula down a steep slope into a secluded canyon and stopped at a plateau area.
>
> Al Khafaji took a belt from Paula's trench coat and tied her hands and arms with it. He pushed her down and told her to lie on her back. Al Khafaji then stood over Paula's legs, facing her, and he put his hands on his belt buckle.
>
> Paula pleaded with Al Khafaji to stop and told him again, as she had several times during the incident, that she was a doctor at the hospital. Al Khafaji asked Paula how he could confirm that she was a doctor, and Paula told him that her white coat and hospital identification were in the car. Al Khafaji stated that he didn't want to go back to the car, but he took Paula's driver's license out of her purse and looked at it. Al Khafaji then told

Paula, "You'll be okay[.] I'm going to leave you here." Paula asked for Al Khafaji to give back her phone and keys. Al Khafaji kept the phone but threw the keys at Paula, and then ran off.

Paula freed herself and walked to the hospital, where someone called 911. Al Khafaji was found in the area a short time later. He had Paula's phone and driver's license in his pants pocket.

Al Khafaji was charged with kidnapping for rape (§ 209, subd. (b)(1)), assault with intent to commit rape (§ 220, subd. (a)) and robbery (§ 211).

At trial, Al Khafaji testified that at the time he encountered Paula he had been wandering around the streets for two days with psychological problems. He approached Paula and asked for her cell phone so that he could call the police, and she became scared and gave him the phone and her car keys. According to Al Khafaji, he asked Paula to walk with him so that he could make a phone call. She offered to give him anything he wanted, including sex. Al Khafaji told her he was not interested in sex. Al Khafaji claimed that he never touched Paula, even on the arm, and never threatened her. He asked Paula to sit down because he wanted to make a phone call, and then he started to "regain [his] consciousness" and realized he was doing something wrong. Paula kept telling him she was a doctor. He looked at her identification, and he ran away.

The jury convicted Al Khafaji on all counts. Al Khafaji received an indeterminate life term sentence with the possibility of parole, plus a consecutive three-year determinate sentence.

(Lodgment 7, at 2-4.)

## III. DISCUSSION

### A. **Standard of Review**

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas courts may not "reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 68 (1991). "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76, (2005); see Park v. California, 202 F.3d 1146, 1149-50 (9th Cir. 2000) ("a violation of state law standing alone is not cognizable in federal court on habeas").

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs review of Petitioner's claims because he filed his federal habeas petition after that statute's 1996 effective date.

3

Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). AEDPA imposes a "'highly deferential standard for evaluating state-court rulings,'" requiring "that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (quoting Lindh, 521 U.S. at 333 n.7). Habeas corpus is a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Harrington v. Richter, 562 U.S. __, 131 S.Ct. 770, 786 (2011) (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring)). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Id. at 786-87.

"AEDPA prevents defendants -- and federal courts -- from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Renico v. Lett, 559 U.S. 766, 130 S.Ct. 1855, 1866 (2010). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Richter, 562 U.S. __, 131 S.Ct. at 784.

Under 28 U.S.C. § 2254(d)(1) habeas relief is available if the decision of the state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause of § 2254(d), a federal court can only grant habeas relief if the state court ruling is contrary to the controlling Supreme Court precedent on a materially indistinguishable set of facts. Under the AEDPA's "unreasonable application" clause, habeas relief can be granted if the state identifies the applicable Supreme Court precedent but applies it to the facts of the case in a way that is not merely erroneous, but objectively unreasonable. Lockyer v. Andrade, 538 U.S. 63, 73-76 (2003). To be found an "unreasonable application" of the governing precedent, the state court decision must have been "more than incorrect or erroneous;" it "must have been 'objectively unreasonable.'" Wiggins v. Smith, 539 U.S. 510, 520-21 (2003) (citations omitted). Habeas relief may conceivably be available if the state court should unreasonably extend a governing legal rule to a new context where it should

not apply, or unreasonably refuse to extend the principle to a new context where it should apply. Williams v. Taylor, 529 U.S. 362, 407 (2000).

The lack of holdings from the Supreme Court on the issue presented precludes relief under 28 U.S.C. § 2254(d)(1). Carey v. Musladin, 549 U.S. 70, 77 (2006). "[W]hen a Supreme Court decision does not 'squarely address[]' the issue . . . it cannot be said, under AEDPA, there is 'clearly established' Supreme Court precedent addressing the issue," and the federal habeas court "must defer to the state court's decision." Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2009). "Circuit precedent may provide 'persuasive authority' for purposes of determining whether a state court decision is an 'unreasonable application' of Supreme Court precedent," but "only Supreme Court holdings are binding on state courts, and 'only those holdings need be reasonably applied.'" Rodgers v. Marshall, 678 F.3d 1149, 1155 (9th Cir. 2012) (citation omitted).

The second AEDPA exception permits relief only if the state court based its result "on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). "[Q]uestions of historical fact, including inferences properly drawn from such facts, are . . . entitled to the presumption of correctness accorded state court factual findings under 28 U.S.C. § 2254(d)". Parke v. Raley, 506 U.S. 20, 35 (1992). Review of a state court's application of federal law to the facts of a case is limited under § 2254(d)(1) "to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, __ U.S. __, 131 S. Ct. 1388, 1398 (2011) reh'g denied, __ U.S. __, 131 S. Ct. 2951 (2011).

When a state court issues a summary ruling rejecting a defendants claims without explanation,

> [u]nder § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is

5

possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this court.

Richter, 562 U.S. __, 131 S.Ct. at 786. That is "the only question that matters under § 2254(d)(1)." Id. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id.

B. **Analysis**

1. Claim 1: Petitioner's right to due process under the Fourteenth Amendment was violated because there was insufficient evidence to support his conviction for kidnaping for rape.

In Claim One, Petitioner contends that his due process right under the Fourteenth Amendment was violated because the evidence presented at trial was insufficient to support his conviction for kidnaping for rape. (Doc. 1.) The California Court of Appeal rejected the claim in a reasoned decision (Lodgment 7), which was affirmed by the California Supreme Court (Lodgment 9). Respondent argues that Petitioner has failed to meet his burden to demonstrate that the state court's rejection of this claim was unreasonable. (Doc. 10-1, at 16.)

On appeal, Petitioner claimed that insufficient evidence supported the jury's finding that he acted with the specific intent to rape Paula when he committed the kidnaping. The court of appeal stated:

> The crime of kidnaping for rape is a type of aggravated kidnaping set forth in section 209, subdivision (b)(1). '[A]ggravated kidnaping by definition requires proof of specific intent.' The defendant must have the specific intent to commit rape at the time the kidnaping begins. 'Intent is rarely susceptible of direct proof and usually must be inferred from the facts and circumstances surrounding the offense.
>
> Al Khafaji argues that 'the evidence was insufficient to establish [he] had the specific intent to rape Paula.' Specifically, Al Khafaji contends that the evidence was insufficient because he did not end up touching Paula in an intimate way, and 'if [he] had the intent to rape Paula, he would have done it at the gazebo area.'
>
> We disagree. Numerous facts support a finding that Al Khafaji forced Paula through the parking lot, behind the buildings and into the canyon with the intent to rape her. At the beginning of the incident, Al Khafaji told Paula that he wanted sex and refused her offers of money and personal property. When they had reached a secluded location, Al Khafaji tied up Paula and had her lie down on her back. He was touching his belt buckle – presumably preparing to take off his pants – when Paula finally convinced him to stop. In light of these facts, a reasonable juror could conclude that Al Khafaji had the intent to rape Paula at the time he kidnaped her, even though he abandoned that plan before performing the sex act.

> Moreover, we reject Al Khafaji's contention that the only reasonable inference from the facts is that he would have raped Paula at the gazebo area had he formed a specific intent to rape her. As Paula testified, after dragging her to the gazebo area, Al Khafaji appeared to be looking for a suitable place to perform the rape, telling her, 'Not here[.] We're going to go somewhere else.' He then took her to the canyon, which was a far more secluded area. A reasonable inference from these facts is that Al Khafaji decided not to rape Paula at the gazebo area because the location was insufficiently secluded, not because he hadn't formed the specific intent to commit rape.
>
> We therefore conclude that sufficient evidence supports the jury's finding that in committing the kidnaping, Al Khafaji acted with the specific intent to rape Paula.

(Lodgment 7, at 4-6 (citations and footnotes omitted).)

In reviewing the sufficiency of the evidence to support a criminal conviction on habeas review, the standard is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-319 (1979). "[T]he Jackson analysis does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." Herrera v. Collins, 506 U.S. 390, 402 (1993).

Here, Petitioner argues that the victim's fear is irrelevant to proving specific intent. (Doc. 1, at 21.) Petitioner also argues that the "subjective evaluation of the situation cannot make an assault with intent to commit rape out of a simple touching which objectively can only be attributed to attempted seduction, or an attempt to secure the satisfaction of some unnatural or abnormal sexual interest, short of actual sexual intercourse." (Id. at 21-22 (quoting People v. Greene, 34 Cal. 3d 622, 651 (Cal. App. 1 Dist. 1973).) However, Al Khafaji stated the following to his victim: "I don't want your fucking money[.] I want sex." He then grabbed Paula's arm and told her to come with him as he dragged her toward a gazebo next to the parking lot. He further said, "Not here[.] We're going to go somewhere else." The jury could rationally conclude from Al Khafaji's objective statements that he formed the specific intent to rape his victim at the gazebo. The jury could also rationally conclude from Petitioner's actions that he maintained his intention to rape his victim even when they arrived in the canyon: namely, that Al Khafaji took a belt from his victim's trench coat and tied her hands and arms with it; that he pushed her down and told her to lie on her back; and that he stood over Paula's

1  legs, facing her, as he put his hands on his belt buckle. Even if Petitioner changed his mind and
2  decided not to rape his victim, the evidence shows that a jury could rationally conclude that
3  Petitioner already committed the crime of kidnaping for rape. Thus, as the state appellate court made
4  a reasonable determination to uphold the kidnaping for rape conviction, the Court recommends that
5  Petitioner's Claim 1 be DENIED.

6      2.     <u>Claim 2: The trial court's failure to instruct the jury on the lesser included offense of
7      simple kidnaping violated Petitioner's right to due process.</u>

8      Petitioner next contends that the trial court erred by failing to instruct the jury on the lesser
9  included offense of simple kidnaping in violation of his right to due process under the Fourteenth
10 Amendment. (Doc. 1, at 24.) Respondent argues that Petitioner failed to state a federal question with
11 this claim. (Doc. 10-1, at 16.)

12     Failure to instruct on a lesser-included offense may constitute constitutional error in capital
13 cases. <u>Beck v. Alabama</u>, 447 U.S. 625, 638 (1980). The Supreme Court however has not extended
14 this holding to non-capital cases, and the Ninth Circuit's position is that a state trial court's failure to
15 instruct on a lesser included offense in non-capital cases does not present a federal claim. See <u>Solis v.
16 Garcia</u>, 219 F.3d 922, 929 (9th Cir.2000); <u>Windham v. Merkle</u>, 163 F.3d 1092, 1105-06 (9th
17 Cir.1998). The Ninth Circuit has recognized that a federal constitutional claim might exist if the state
18 trial court's failure to instruct on a lesser offense in a non-capital case prevented the jury from
19 adequately considering the defendant's theory of the case when substantial evidence warrants it.
20 <u>Solis</u>, 219 F.3d at 929.

21     Here, the trial court's refusal to instruct on the lesser-included offense of simple kidnaping
22 raises no constitutional question, and Petitioner's claim does not merit federal habeas review.
23 Moreover, the California Court of Appeal correctly determined that Petitioner was not entitled to an
24 instruction on a lesser included offense based on the defendant's theory of the case, as follows:

25     Al Khafaji argues that the trial court should have instructed with the lesser included offense
    of simple kidnaping because 'there was substantial evidence from which the jury could
26     reasonably infer Paula was kidnaped before [Al Khafaji] formed the intent to allegedly rape
    her' (italics added), and therefore the record could support a finding that he committed
27     simple kidnaping, but not kidnaping for rape. [However], the facts do not support Al
    Khafaji's argument.
28

> Paula testified that Al Khafaji informed her that he wanted sex at the very inception of the incident, before taking any action to grab her and drag her toward the gazebo. Therefore, according to Al Khafaji's own words, he had the intent to rape Paula before he took any action that could support a kidnaping conviction. The only evidence contradicting this version of events was Al Khafaji's own testimony, during which he denied committing any kidnaping at all, in that he claimed he did not touch or threaten Paula and only asked her to accompany him while he used her phone. Therefore, if the jury was to find that any type of kidnaping occurred – whether simple or aggravated – it would have to credit Paula's version of events. Under that version of events, Al Khafaji expressed his intention to have sex before grabbing Paula and dragging her away to initiate the kidnaping. Further, the record does not reveal any reasonable explanation, other than the intention to commit rape, for why Al Khafaji dragged Paula away to a secluded location and tied her up. Accordingly, the only type of kidnaping established by the facts is kidnaping for rape, not simple kidnaping. The trial court thus did not err in omitting an instruction on the lesser included offense of simple kidnaping.

(Lodgment 6, at 7-9.)

Because Petitioner fails to state a federal challenge to the trial court's jury instructions, and because Petitioner failed to produce substantial evidence that he should have been entitled to receive a simple kidnaping jury instruction, this Court recommends that Claim 2 be DENIED.

    3.      **Claim 3: Trial counsel was ineffective during the sentencing hearing in violation of his Sixth Amendment right.**

Petitioner finally contends that his trial counsel was ineffective for failing to adequately investigate, prepare, and present any available mitigating evidence during his sentencing hearing in violation of his Sixth Amendment right to counsel. (Doc. 1, at 27.) Petitioner argues that his attorney should have presented to the court the facts that he did not have a prior criminal record and that he had mental issues. (Id.) Respondent argues that there is no clearly established federal law as determined by the U.S. Supreme Court that trial counsel is required to present mitigating evidence at sentencing in a non-capital case. (Doc. 10-1, at 20.) Respondent also argues Petitioner was not prejudiced by his trial counsel during the sentencing hearing. (Id. at 22-23.)

To be entitled to habeas relief, Petitioner must show that the state court decision was contrary to, or involved an unreasonable application of, precedent from the U.S. Supreme Court. 28 U.S.C. § 2254(d)(1). In Strickland v. Washington, 466 U.S. 668 (1984), the clearly established Supreme Court precedent controlling ineffective assistance of counsel claims, the habeas petitioner

must show that he was prejudiced by counsel's substandard performance. Id. at 687-89. However, the Strickland Court "expressly declined to 'consider the role of counsel in an ordinary sentencing, which ... may require a different approach to the definition of constitutionally effective assistance.'" Cooper-Smith v. Palmateer, 397 F.3d 1236, 1244 (9th Cir. 2005) (quoting Strickland, 466 U.S. at 686). "[S]ince Strickland, the Supreme Court has not delineated a standard which should apply to ineffective assistance of counsel claims in noncapital sentencing cases." Davis v. Grigas, 443 F.3d 1155, 1158 (9th Cir. 2006).

Here, the Supreme Court has not delineated clearly established federal law with regard to the proper role of counsel in a sentencing hearing. Even if Strickland were to apply to a non-capital sentencing hearing, the sentencing judge was already aware of the mitigating factors that Petitioner argues his attorney should have made as the judge had the benefit of the probation report before sentencing. (Lodgment 1, at 35-44.) The judge was made aware that Petitioner did not have a prior criminal history and that he suffered from mental health issues.[1] (Id.) Moreover, Petitioner was convicted of kidnaping for rape, and the trial court had no discretion with regard to the sentence imposed on this count. California Penal Code § 209(b)(1) provides as follows:

> Any person who kidnaps or carries away any individual to commit robbery, rape, spousal rape, oral copulation, sodomy, or any violation of Section 264.1, 288, or 289, shall be punished by imprisonment in the state prison for life with the possibility of parole.

Although California Penal Code § 1203.065(b)(1) makes probation "a *possibility*," it does so "only" in "*unusual* cases" and where the interests of justice would be served. People v. Gibson, 90 Cal. App. 4th 371, 387-88 (2001) (emphasis in original). Petitioner makes no argument that indicates the trial court would have found his an unusual case or that the interests of justice would have been served had he been granted probation. Thus, Petitioner has not presented this court with a colorable

---

[1] In California, "unless the record affirmatively indicates otherwise, the trial court is deemed to have considered all relevant criteria, including any mitigating factors" and is "not required to set forth its reasons for rejecting a mitigating factor." See People v. Holquin, 213 Cal. App. 3d 1308, 1317-18 (1989).

ineffective assistance of counsel claim.

## IV. CONCLUSION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered DENYING the petition.

IT IS ORDERED that, **no later than December 24, 2013,** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objection to Report and Recommendation." Any reply to Objections shall be filed **on or before December 31, 2013**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir.1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

**IT IS SO ORDERED.**

DATED: December 10, 2013

Hon. Peter C. Lewis
U.S. Magistrate Judge
United States District Court

11