**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAYDAR T. AL KHAFAJI, Petitioner, vs. DANIEL PARAMO, Warden, Respondent. | CASE NO. 12cv2850-WQH-PCL<br>ORDER |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 24) issued by United States Magistrate Judge Peter C. Lewis, recommending that this Court deny Petitioner Haydar T. Al Khafaji's Petition for Writ of Habeas Corpus (ECF No. 1).

**I. Background**

On May 7, 2010, a jury in San Diego Superior Court convicted Petitioner of kidnaping for rape, assault with intent to commit rape, and robbery. (Lodgment 1 at 73-75). The trial court sentenced Petitioner to an indeterminate life term with the possibility of parole, plus a consecutive three-year determinate term in state prison. *Id*. at 77. On June 9, 2011, the California Court of Appeal affirmed Petitioner's conviction, and on August 24, 2011, the California Supreme Court denied Petitioner's petition for review. (Lodgment 7; Lodgment 9). On January 3, 2013, the California Supreme Court denied Petitioner's petition for writ of habeas corpus. (Lodgment 11).

On November 28, 2012, Petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 in this Court. (ECF No.

1). Petitioner asserts the following claims: (1) Petitioner's right to due process under the Fourteenth Amendment was violated because there was insufficient evidence to support his conviction for kidnaping for rape; (2) the trial court erred by failing to instruct the jury on the lesser included offense of simple kidnaping; and (3) trial counsel was ineffective during the sentencing hearing.

On February 19, 2013, Respondent filed an answer to the Petition. (ECF No. 10). On June 11, 2013, Petitioner filed a traverse. (ECF No. 19).

On December 10, 2013, the Magistrate Judge issued the Report and Recommendation, recommending that the Petition be denied in its entirety. (ECF No. 24). The Report and Recommendation concludes: "IT IS ORDERED that <u>no later than December 24, 2013</u>, any party to this action may file written objections with the Court and serve a copy on all parties.... The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order." *Id*. at 11 (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991)).

The docket reflects that neither party filed objections to the Report and Recommendation.

**II.   Review of the Report and Recommendation**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). When a party objects to a report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the district court need not review the report and recommendation de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

Neither party objected to the Report and Recommendation, and the Court has reviewed the Report and Recommendation in its entirety. The Court finds that Petitioner has failed to demonstrate that he is entitled to relief pursuant to 28 U.S.C. § 2254(d). The Court concludes that the Magistrate Judge correctly determined that the Petition should be denied. The Court adopts the Report and Recommendation in its entirety.

### III. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[A] [certificate of appealability] should issue when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that jurists of reason would not find it debatable whether this Court was correct in denying the Petition. The Court denies a certificate of appealability.

### IV. Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation is ADOPTED in its entirety. (ECF No. 24). The Petition for Writ of Habeas Corpus is DENIED. (ECF No. 1). A certificate of appealability is DENIED. The Clerk of the Court shall close this case.

DATED: January 9, 2014

**WILLIAM Q. HAYES**
United States District Judge